(C. D. 1120)

## The Otto Gerdau Co. *v.* United States

United States Customs Court, Third Division

(Decided July 21, 1948)

*Strauss & Hedges; Barnes, Richardson & Colburn (J. Bradley Colburn* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General, for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Ekwall, Judge: These cases involve certain importations of mica, palmyra fiber, and palmyra stalks from India, all of which were exported during May 1940. The question presented is the proper rate for conversion of the currency of the invoices, English pounds sterling, into United States dollars under section 522 (c) of the Tariff Act of 1930. The collector of customs in liquidation used the "official" rate rather than the "free" rate in converting the pounds into dollars for the purpose of assessing and collecting duties upon the value of the various kinds of merchandise, under instructions from the Secretary of the Treasury as found in T. D. 50134, 75 Treas. Dec. 370.

The cases were originally submitted upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the merchandise covered by the protests and entries enumerated in Schedule A, attached hereto and made a part hereof, was exported from India between the dates of March 25th, 1940 and July 1st, 1940 inclusive, and invoiced in English pounds sterling.

That by order of the Central Government of India, effective March 25, 1940, certain merchandise; to wit, jute, jute manufactures and rubber, exported to the United States among other countries, was prohibited unless it was established that payment for the merchandise had been or would be made in currency including English pounds sterling obtained at the official rate of exchange therefor from the

Reserve Bank of India or a dealer authorized by said Reserve Bank to deal in foreign exchange.

That by further order of the Government of India, the above requirement of payment in currency obtained at an official rate of exchange was extended to all merchandise, effective July 2nd, 1940.

That the merchandise herein is not of the class or kind of merchandise described in the regulations of the Government of India in effect from March 25, 1940 to July 1, 1940, inclusive.

That the merchandise was purchased with pounds sterling obtained in the New York market at the free rate of exchange for cable transfer for pounds sterling in effect on the date such pounds were obtained. Such pounds sterling were not obtained directly or indirectly from the Reserve Bank of India, or from an authorized dealer, as defined in the currency regulations of the Government of India.

That the date of exportation and the free rate of exchange for pounds sterling for that date, determined and certified by the Federal Reserve Bank under Section 522 (c) of the Tariff Act of 1930, were as set forth by the Collector of Customs on each of the entries included herein.

That the issue herein is the same in all material respects as that presented in *John Barr* v. *United States*, C. D. 801, the record in which, it is agreed, be admitted in evidence in the protests enumerated in the attached Schedule A, and the protests be submitted on this stipulation.

\*     \*     \*     \*     \*     \*     \*

Subsequently, the submission was set aside and the cases were resubmitted upon the original stipulation above set forth and a further stipulation to which are appended as part thereof certain documents which are agreed to be true and correct copies of all of the orders and rulings of the Finance Department of India and the Reserve Bank of India pertaining to control of exchange proceeds of exports from India to the United States in effect during the period from March 9 to July 2, 1940.

In the case of *John Barr* v. *United States*, 11 Cust. Ct. 88, C. D. 801, the record in which is incorporated herein, this court held in substance that the collector of customs should have used the "free" rate of exchange as a basis for conversion of pounds sterling rather than the "official" rate, where dual buying rates had been certified to the Secretary of the Treasury under section 522 (c) of the Tariff Act of 1930. That ruling was based upon a finding that the rate should be used which is in fact applicable to the particular transaction. The merchandise there imported consisted of wool cloth, which was not, at the date of exportation, included within the list of goods payment for which was required to be made in pounds sterling purchased at the fixed British "official" rate of exchange. When the case reached the U. S. Supreme Court that body upheld our finding that the proper rate at which the currency of the invoice should have been converted into United States dollars was the "free" rate and not the "official" rate. (*John Barr* v. *United States*, 324 U. S. 83.)

In view of the agreement of counsel above set forth, it is apparent that the instant case involves the same issues as were presented in the *Barr* case, *supra*. Under authority of that decision, we sustain the claim of the plaintiff herein that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation of the merchandise, which we hold for the purposes of these cases to be the "free" rate of exchange for pounds sterling, as certified by the Federal Reserve bank, and we further hold that such buying rate is as set forth by the collector of customs on each of the entries covered by Schedule A hereto attached and made part of this decision.

Judgment will be rendered accordingly.